# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>PETER PAUL MITRANO,<br><br>    Debtor. | Case No. 11- 14531-RGM<br>(Chapter 13) |
| PETER PAUL MITRANO,<br><br>    Plaintiff,<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Adversary No. 11-1330-RGM |

### MEMORANDUM OPINION

THIS MATTER comes before the court on the motion of the Defendants, Leonard A. Melka, Karolyn Melka, and Melka Marine, Inc., to dismiss the complaint. The debtor appeared telephonically to oppose the motion on July 12, 2011. In addition to the defendant's arguments regarding the debtor's failure to state a claim, they also raised the issue of the debtor's standing to bring a fraudulent conveyance action. The court granted the debtor additional time to address the issue of standing and the defendants time to file a reply brief.

The debtor asserts that as a chapter 13 debtor he has standing to bring an "avoidance action" because, among other reasons, the "chapter 13 debtor is given certain authority under 11 U.S.C. § 1303." Memorandum in Support of Standing, 8 (Docket Entry 8),

The debtor relies on *Freeman v. Eli Lilly Federal Credit Union (In re Freeman)*, 72 B.R. 850 (Bankr. E.D.Va. 1987) to support his assertion that a chapter 13 debtor has standing to pursue

1

a fraudulent conveyance action. *In re Freeman* held that the chapter 13 debtors had standing to "avoid an unperfected security interest under § 544(a)." *Id.* at 853. After a review of the legislative history the court concluded that even though § 1303 listed powers that the debtor possesses, exclusive of the trustee, the section "did not imply that the debtor does not also possess other powers concurrently with the trustee." *Id.* at 854.

However, a review of the case law[1] since the *In re Freeman* decision reveals that other courts, including the Supreme Court in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000), take a more literal reading of the provisions in the Bankruptcy Code that grant various powers to the trustee. In *Hartford* the Supreme Court determined that under 11 U.S.C. §506(c), while a trustee has standing, an administrative claimant could not pursue recovery of §503(b) claims. 530 U.S. at 6-7. Section 506(c) says that "the trustee" may recover such expenses from property securing an allowed secured claim, but it does not extend this power to all parties in interest. *Id.* at 7-8.

In a similar case to *Hartford*, the Fourth Circuit in *In re JKJ Chevrolet, Inc.*, found that the language in § 506(c) was "clear and unambiguous" granting only the trustee the authority to seek recovery for postpetition costs and expenses from a secured creditor's collateral. *Ford Motor Credit Co. v. Reynolds & Reynolds Co. (In re JKJ Chevrolet, Inc.)*, 26 F.3d 481, 484 (4th Cir. 1994).

In this instance, the chapter 13 debtor is seeking to recover a fraudulent conveyance pursuant to §544(b). Similar to the Code provision at issue in *Hartford*, §544(b) also refers explicitly to the powers of the "trustee" to avoid fraudulent transfers. The rights and powers of the chapter 13 debtor are enumerated in §1303 of the Code and the trustee's avoidance powers are not included in

---

[1] *See Realty Portfolio, Inc. v. Hamilton (In re Hamilton)*, 125 F.3d 292, 296-297 (5th Cir. 1997) for a discussion of the split of authority regarding chapter 13 debtors' standing to use the trustee's strong-arm powers.

this list. *See also Robinson v. World Omni Financial Corp. (In re Robinson),* 2011 WL 352433, *2 (Bankr. E.D.N.C. February 1, 2011) (applying similar statutory analysis to *Hartford* on the standing issue in the context of a chapter 13 debtor seeking to avoid an improperly perfected security interest pursuant to §544(a)).

*Hartford* and *In re JKJ Chevrolet* now more accurately reflect the state of the law than *Freeman*. The chapter 13 debtor does not have standing to bring an avoidance action pursuant to §544 because that power has only been granted on the chapter 13 trustee.

DONE at Alexandria, Virginia, this 23rd day of September, 2011.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Daniel M. Press
Robert K. Coulter

Copy mailed to:

Peter Paul Mitrano
c/o Hope Village, Inc.
2840 Langston Place, S.E.
Washington, DC 20020

17188